WILLIAM P. HUBBARD

*v.*

INTERNATIONAL MERCANTILE AGENCY et al.

[Decided October 28th, 1904.]

1. A false statement by officers of a corporation, on selling shares of its stock, that none of it had been sold for less than par, is a material misrepresentation authorizing rescission.

2. Equity has jurisdiction to rescind a contract for fraudulent misrepresentations and to compel restitution of the money obtained thereunder.

---

On demurrer to bill.

*Mr. Edwin B. Williamson,* for the defendants.

*Mr. William H. Corbin,* for the complainant.

BERGEN, V. C.

The complainant's bill of complaint charges that the defendant, through its officers, induced him to purchase one hundred shares of the capital stock of the defendant corporation at par, paying therefor, in cash, $10,000; that he was induced to make such purchase upon the representation made · by defendant's officers that none of the stock had been sold for a price less than par; that this statement was untrue, shares having been sold out of the treasury stock of the company for less than par; that as soon as the complainant discovered the untruth he sought to rescind his contract of purchase, tendering his stock to the officers of the company and demanding the return of his money, which the defendants at first offered to return, but afterward refused. The prayer of the bill is that the contract for the purchase of said shares may be decreed to be rescinded, and the defendants, or some of them, required to repay to the complainant the amount he had paid for the stock. The defendants named are the International Mercantile Agency, Thomas N. McCauley and Charles A. Henderson—McCauley and Henderson being, respectively, the president, and assistant to the president, who are charged to be the agents of the corporation for the sale of its stock to the complainant.

To this bill of complaint all of the defendants interpose a demurrer, alleging as causes—*first,* want of equity; *second,* that it appears in the bill of complaint that the complainant has an adequate remedy at law.

Assuming, as we must, that the statement made by the officers of this company to the complainant for the purpose of inducing him to purchase the stock was false, the inquiry arises, was it material. Stockholders are in a sense partners, holding a joint interest in the property of the company, and as the assets of the company represent the value of the stock it was certainly of consequence to the complainant to have the capital stock of the company full paid.

A representation to a proposed purchaser that all of the stock had been parted with at par is a material averment, upon which a purchaser has a right to rely in estimating the value of the stock and in determining whether he will make the investment. To sell to the complainant one hundred shares of stock for $10,000, and to another person a like number for $100, would produce only $10,100 of cash capital to represent an issue of $20,000 of capital stock, so that the complainant's stock would have behind it only a trifle over one-half of its actual cost to him. Manifestly the representation that "no stock had been sold for less than par, and that the company had received and was receiving the par value of all of its shares," if untrue, as alleged in the bill of complaint, was a material misstatement of sufficient consequence to justify the complainant in seeking a rescission of his purchase.

The relief asked is that a rescission of the contract may be decreed and the defendants required to refund the money obtained on the strength of such false statement. The right to appeal to this court for the annulment of this agreement, and as an incident thereto the restitution of the money thus unlawfully obtained, seems to be clear, even if a remedy exists at law.

The complainant being here for the purpose of having the contract he was fraudulently induced to enter into set aside, this court has ample power to administer complete relief. The principle laid down in *Eggers* v. *Anderson, 63 N. J. Eq. (18 Dick.) 264, 269,* in my judgment, controls this case, and warrants the holding of complainant's bill. It follows that the demurrer is not well taken, and I shall advise that it be overruled.