This cause is on final hearing on bill filed by the complainant, vendee in a contract for the sale of real property made with the defendant vendor, to have the contract rescinded on the ground that the vendee was induced to enter into the same through fraud and misrepresentation on the part of the vendor and for the return of the deposit paid by the vendee on account of the purchase price.
The contract calls for the purchase and sale of a plot of land, situate in Jersey City, described by metes and bounds, being one hundred and seventy-five feet wide in front by about one hundred and twenty-seven feet in depth. Upon the plot is a five-story brick apartment building, divided into two units identical in design and size, each about one hundred feet deep, the whole occupying practically the entire width of the plot. Each unit has a separate main entrance opening on a large court which separates the units in front, and which court is reached by a walk leading from the street. Each unit has its own elevator service, heating, water and sewerage systems, and the two are intersected by a wall which (scaled from a survey in evidence) is about twenty-five feet long, running from the front court to another court which divides the units in the rear. There is no means of communication between the units through this wall, except in the cellar where there is an opening or doorway.
The bill charges that the vendee was induced to purchase by fraudulent representations made by the vendor as to the rental income from the property, but the evidence failed to support this charge and it was not pressed by counsel in his argument. The only ground upon which the vendee now relies is, as charged in his bill, that the wall between the units is a party wall, of which the vendor had full knowledge, and fraudulently induced the vendee to enter into the contract without apprising him of the existence of such party wall, and should the vendee be required to take the title tendered him, he would be unable "to sell one house without the other unless the purchaser would be willing to take it *Page 117 
subject to a party-wall agreement," because of the liability for repairs to, and maintenance of, the party wall.
It is not every concealment of facts material to the interest of a party which will entitle him to the interposition of a court of equity. The case must amount to a suppression of facts which one party, under the circumstances, is bound in conscience and duty to disclose to the other party, and in respect to which he cannot innocently be silent. Conover v. Wardell, 22 N.J. Eq. 492; Keen v. James, 39 N.J. Eq. 527.
First, it may be questioned whether this is a party wall. A party wall is defined to be a wall of which two adjoining owners are tenants in common, or a wall which belongs entirely to one of the adjoining owners, subject to an easement of the other owner to have it maintained as a dividing or supporting wall between the two tenements. 30 Cyc. 771. The wall in question is really a partition wall between two units of a building, title to which building is in the vendor alone. But, assuming that it may be called a party wall, whether a party wall is an advantage or a liability to the owner of a building is, at least, a matter of opinion upon which men may differ. The vendor was not bound to know or to inquire as to the vendee's opinion or state of mind on matters of building construction. To the vendor this so-called party wall may well seem a proper and practical method of construction and an economy in expense and in conservation of space for apartments, and since the vendee did not bring to the vendor's notice the vendee's objection to a wall of this character, the vendor was not bound to inform the vendee that the floor beams of each unit are not supported by separate walls.Denman v. Mentz, 63 N.J. Eq. 613. The vendee did not testify that had he known of the party wall he would not have entered into the contract, nor did he attempt to prove that the party wall depreciates the value of the property or makes it difficult to sell it as a whole or as separate buildings.
The vendee does not contend that the party wall is a defect in construction of the building, and where there is no hidden defect in construction or condition a vendor of real *Page 118 
estate is ordinarily under no obligation to explain to the vendee the detail or plan of construction of a building. No relationship of trust or confidence existed between these parties. The vendee was free to examine the building and to ask questions before entering into a contract of purchase. It does not appear that he asked any questions, or that the vendor made any statement concerning the plan of construction. In the sale and purchase of real estate, the parties usually deal with each other at arm's length and there is nothing to indicate that this was other than a usual transaction of sale and purchase. The vendee says he made no examination of the building before agreeing to purchase, except to spend about five minutes in the entrance hall. Even that slight inspection must have acquainted him with the fact that the units were separated by a wall, and if it was so highly important to know whether or not each unit had a separate wall for its floor beams, it was his duty to satisfy himself by examination or by inquiry. Courts do not aid a purchaser of real estate who is carelessly indifferent to the use of ordinary caution before entering into a contract, when he is left free and uninfluenced to make examination of the property and to exercise his own judgment in determining whether or not to buy. The doctrine of caveat emptor is applicable to the purchase of real estate and is applied as well in equity as at law. Denman v.Mentz, supra; Industrial Sign Co. v. Plummer, 84 N.J. Eq. 184;Hawthorne v. Odenson, 94 N.J. Eq. 588.
The vendee's position seems to be that he intended to buy two complete buildings. The contract calls for the conveyance of a plot of ground by metes and bounds, which, of course, carries with it all structures erected on the land. The contract makes no mention of any building, except as it speaks of tenancies, monthly rentals and insurance premiums, and provides that it is agreed that the buildings upon the premises are all within the boundary lines described, and that they comply with municipal ordinances and tenement-house laws. The vendor is able to convey to the vendee the two buildings the latter says he intended to purchase, in strict *Page 119 
accordance with the terms of the contract, and so long as each building is a complete building, the vendee cannot complain. If the outside wall of each building were a party wall, standing partly on adjoining land, each building would still be a complete building, and in taking title with outside party walls the vendee would get all that the contract would give him the right to claim (even without mention of party walls in the contract), namely, a plot of land of specified size, with the buildings thereon.Burns v. Thomas, 81 N.J. Eq. 168. That the division wall between the two units or buildings in question is a party wall, and that the vendee was not apprised of that fact, has no bearing upon the agreement entered into between the parties, as evidenced by their contract.
The bill of complaint will be dismissed.