The defendant corporation operates a small broom factory and the defendants Krasner Wiener ran the business, but not with any marked degree of success. Each held fifty shares of the company stock, and, needing more capital, they induced the complainant to invest $2,500, for which he received fifty shares. One of the inducements was a written statement by them of the company's financial condition, that the assets were of the value of $5,000 (cash $598.61, machinery $3,504.41 and other assets $896.98), and its debts $382, and outstanding capital stock $5,000. It was testified that the machinery was worth about $200, and could be replaced new for $1,500, but, as the complainant made his own investigation in that respect and was put on notice, he cannot recover on that score. DeWitt v. VanSickle, 29 N.J. Eq. 209; Industrial Savings and Loan Co. v. Plummer, 84 N.J. Eq. 184; Condon v. Sandhowe, 97 N.J. Eq. 204; Freedman v.Kensico Realty Co., 99 N.J. Eq. 115. The statement also contained a representation that there was no chattel mortgage lien on the property, when, in fact, there was a chattel mortgage of record on the machinery for $1,000, then reduced *Page 38 
to $400. Promptly upon the discovery of the fraud the complainant rescinded and filed his bill to recover his purchase-money. The defendants tried to explain away this representation, claiming that they previously had told the complainant of the chattel mortgage, that it would be paid by the defendant Krasner in monthly installments out of his wages from the company, and they say that the complainant was content, and later agreeably signed a company check for one of the monthly payments. They also stated that the complainant's lawyer, though he exacted this statement in writing, was told of the mortgage. This testimony is as unbelievable as their representation was untrue. And for this we need only to look to an affidavit made by Wiener, filed on a preliminary motion wherein he swore that the did not know of the existence of the chattel mortgage until this suit was brought. Had they told the lawyer, it is hardly likely that he would have incorporated the contradiction in the written representation. He, as well as his client, deny having any knowledge of the chattel mortgage. The explanation of the complainant's signing of the check, which was pointed to as supporting the defendant's story, is that he understood it to be, as represented by Krasner, for use in the business, not for payment on the chattel mortgage. The following month he refused to sign another and withdrew when Krasner told him it was on account of the chattel mortgage, and that if he didn't sign the mortgagee would take the machinery and close down the business.
The defendants contend that the complainant has suffered no injury and relief should not be given, because Krasner has since paid off the mortgage debt. The answer is that it was in existence when the complainant rescinded and filed this bill to confirm the rescission. In view of the meagerness of the assets, the representation was material, and the complainant having chosen to rescind the contract, as was his right, he is entitled to recover from the company and the individual defendants, who deceived him for the benefit of the company, to their advantage.Hubbard v. International Mercantile Agency, 68 N.J. Eq. 434;Vreeland v. New Jersey Stone Co., 29 N.J. Eq. 188; Garrison v.Technical Electrical Works, 55 N.J. Eq. 708. *Page 39